UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. RIDDLE | ) | |
| | ) | |
| v. | ) | No. 2:03-0028 |
| | ) | Judge Nixon |
| JO ANNE B. BARNHART | ) | Magistrate Judge Griffin |
| Commissioner of Social Security | ) | |

To: Honorable Judge John T. Nixon, Senior District Judge

## **REPORT AND RECOMMENDATION**

This civil action was filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services denying disability insurance benefits ("DIB") as provided in Title II of the Social Security Act.

On June 22, 2000, the plaintiff filed an application for DIB, claiming that back problems and arthritis in his hands and arms caused an onset disability date as of October 29, 1999. (Tr. 74-76, 84). The plaintiff's application was initially denied on August 17, 2000. (Tr. 50-51). He later filed a request for reconsideration (Tr. 58), which was denied on November 2, 2000 (Tr. 52-53).

On December 15, 2000, the plaintiff filed a request for a hearing by an Administrative Law Judge ("ALJ"). (Tr. 62). A hearing before an ALJ was held on March 21, 2002 (Tr. 26-49), at which time the plaintiff amended his onset disability date to January 27, 2001 (Tr. 29). On May 31, 2002, the ALJ found that the plaintiff was not disabled (Tr. 12-17). On June 27, 2002, the plaintiff filed a request for review of the ALJ's decision. (Tr. 7). On January 31, 2003, the Appeals Council ("AC") entered an order denying the request for review (Tr. 4-5), in turn making the ALJ's decision the final decision of the Commissioner.

Pending before the Court is the plaintiff's motion for judgment on the administrative record (Docket Entry No. 7), to which the defendant filed a response (Docket Entry No. 10), and the plaintiff filed a reply (Docket Entry No. 11).

I. BACKGROUND

The plaintiff filed an application for DIB on June 22, 2000, alleging that he became disabled on October 29, 1999, due to back problems and arthritis in his hands and arms. (Tr. 74-76, 84). At the time of the hearing the plaintiff was 56 years old and had an eighth grade education. (Tr. 30). He testified that he was able to perform housework, including washing dishes and sweeping the floor. (Tr. 38-39). He also testified that he mowed the lawn with a push mower for 15-20 minutes at a time, and grocery shopped for his family. (Tr. 39, 41).

The plaintiff has past relevant work as a dock worker for a furniture company, grounds-keeper, and garbage collector. (Tr. 16, 30-32, 45). After a work injury in October of 1997, he began to develop back problems. (Tr. 130-38, 152-59). These back problems forced him to move from garbage truck duty to a grounds-keeping position. (Tr. 127-38). By October of 1999, his back pain worsened and radiated into his left hip and leg. (Tr. 173).

On December 20, 1999, Dr. David W. Gaw performed an independent medical evaluation on the plaintiff. (Tr. 176-81).[1] Dr. Gaw found that the plaintiff was in "no obvious pain," but noted that he had fairly "slow, hesitant movements." (Tr. 177). He did not consider the plaintiff a candidate for surgery or for active ongoing medical treatment, and restricted the plaintiff from lifting

---

[1] It appears that Dr. Gaw conducted an IME in the context of the plaintiff's application for worker's compensation, not for DIB.

2

more than 40-50 pounds occasionally or more than 15-20 pounds frequently. (Tr. 178). Dr. Gaw also found that the plaintiff should avoid frequent bending, twisting, or being in awkward positions. (Tr. 179).

On August 2, 2000, Dr. Donita Keown, a Tennessee Disability Determination Services physician, performed a consultative examination on the plaintiff. (Tr. 183-86). Dr. Keown observed that the plaintiff had trouble ambulating. (Tr. 184). The plaintiff reported pain upon manipulation of his thumbs, wrists, and hips. (Tr. 184-85). Dr. Keown found that the plaintiff had a "reasonably good range of motion of the cervical, thoracic, and lumbar spines with negative straight leg raises, intact motor strength, and normal reflexia." (Tr. 185). Based on physical examination findings, Dr. Keown found that the plaintiff could be expected to sit for at least six hours in an eight hour work day, and walk or stand for six hours in an eight hour day. (Tr. 185). She also found that he could routinely lift twenty pounds. (Id.)

In addition to the two independent medical evaluations, two non-examining state medical consultants assessed the plaintiff. (Tr. 187-94, 195-202). The residual physical functional capacity assessment ("RPFCA") dated August 9, 2000, limited the plaintiff to occasionally lifting no more than 50 pounds, frequently lifting no more than 25 pounds, standing and/or walking for about six hours in an eight hour workday, sitting for a total of about six hours in an eight hour workday, and unlimited pushing and/or pulling. (Tr. 188, 194). A second RPFCA, dated October 31, 2000, was consistent with the August 9, 2000, RPFCA. (Tr. 196).

At the March 21, 2002, hearing, the plaintiff testified that he had constant pain in his lower back that radiated into his left leg and hip. (Tr. 34). He rated his pain as typically being at a level of eight or nine (on a ten-point scale). (Tr. 35). He testified that he could stand for ten minutes

3

before the pain worsened, and that he could only drive for 45 minutes before having to get out of the car and move around. (Tr. 35-36). He believed that he could lift 10 or 15 pounds from waist level, but he testified that he tried not to lift anything. (Tr. 41). While at home, he performed daily back exercises. (Tr. 36-37).

The plaintiff also described problems with arthritis in his fingers and thumbs. (Tr. 37). He experienced pain and cramping and frequently woke up during the night with numbness in his hands. (Tr. 39).

Based on Dr. Gaw's medical evaluation that restricted the plaintiff to lifting no more than 40 to 50 pounds and 15 to 20 pounds occasionally, the VE testified that the plaintiff would be unable to do any of his past work and would be limited to a reduced range of medium work. (Tr. 45-46). The VE also testified that, based on Dr. Keown's limiting the plaintiff to routinely lifting 20 pounds in a workday, the plaintiff would only be able to perform light or sedentary work. (Tr. 46).

## II. DISCUSSION

The determination of disability under the Act is an administrative decision, and the only question before this Court is whether or not the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1382(c)(3); Gibson v. Secretary of Health, Education & Welfare, 678 F.2d 653 (6th Cir. 1982). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if the Court might have decided the case differently based on substantial evidence to the contrary. Her v. Commissioner of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). A reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner

4

v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. It is more than a mere scintilla of evidence. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Le Master v. Weinberger, 533 F.2d 337, 339 (6th Cir. 1976). The Court must accept the ALJ's explicit findings and determination unless the record, as a whole, is without substantial evidence to support the ALJ's determination. Houston v. Secretary of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

The Commissioner must employ a five-step evaluation process in determining the issue of disability. The five steps are as follows: (1) If claimant is doing substantial gainful activity, he is not disabled; (2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled; (3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry; (4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled; (5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors, such as age, education, and past work experience, he is not disabled.[2] See 20 C.F.R. § 404.1520. See also Tyra v. Secretary of Health & Human Servs., 896 F.2d 1024, 1028-29 (6th Cir. 1990); Farris v. Secretary of Health & Human

---

[2]This latter factor is considered regardless of whether such work exists in the immediate area in which plaintiff lives or whether a specific job vacancy exists or whether the plaintiff would be hired if he applied. Ragan v. Finch, 435 F.2d 239, 241 (6th Cir. 1970).

5

Servs., 773 F.2d 85, 88-89 (6th Cir. 1985); Mowery v. Heckler, 771 F.2d 966, 969-70 (6th Cir. 1985); Houston, supra.

The original burden of establishing disability is on the plaintiff, and impairments must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. Id. See 42 U.S.C. § 1382c(a)(3)(C); 20 C.F.R. §§ 404.1512 (a), (c), 404.1513(d); Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986); Tyra, 896 F.2d at 1028-29. However, the Commissioner is required to consider the combined effects of impairments that individually are not severe but cumulatively may constitute a severe impairment. 42 U.S.C. § 432(d)(2)(C); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988).

Once the plaintiff establishes a *prima facie* case that he is unable to perform his prior relevant employment, the burden shifts to the Commissioner to show that the plaintiff can perform other substantial gainful employment, and that such employment exists in the national economy. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Hephner, supra. To rebut a *prima facie* case, the Commissioner must come forward with particularized proof of the plaintiff's individual vocational qualifications to perform specific jobs. O'Banner v. Secretary of Health, Education & Welfare, 587 F.2d 321 (6th Cir. 1978).

The ALJ findings in this case are as follows:

1. The claimant meets the nondisability requirments for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).

4. The medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the residual functional capacity to lift and carry 25 pounds frequently and 50 pounds occasionally. He could sit, stand and walk for prolonged periods. The claimant has no postural or environmental limitations.

8. The claimant's past relevant work as a groundkeeper did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

9. The claimant's medically determinable impairments do not prevent the claimant from performing his past relevant work.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(e)).

The plaintiff argues that substantial evidence does not support the ALJ's finding that the plaintiff could perform his past relevant work. Specifically, the plaintiff contends that the ALJ "failed to properly evaluate the assessment of [the] two examining physicians; instead, he credited the opinions of two nonexamining physicians and found that Mr. Riddle had a residual functional capacity for medium work." Docket Entry No. 4, at 5. The plaintiff asserts that, as a person of advanced age with a limited education and an unskilled work background, he qualifies for a finding of disability under Rule 202.01 of the Grids.[3]

---

[3]The Grids are found in 20 C.F.R. §§ 404.1569. In general, where the characteristics of the plaintiff exactly match the characteristics in one of the rules, the grid determines whether significant numbers of other jobs exist for the person or whether that person is disabled. See Hurt v. Sec'y. of Health & Human Svcs., 816 F.2d 1141, 1142-43 (6th Cir.1987) (per curiam). However, when a plaintiff's impairments do not precisely match any specific rule, his residual functional capacity is used as the appropriate framework to determine whether he is disabled. See Wright v. Massanari

7

The ALJ erred when he credited the opinions of the two nonexamining physicians over the two examining physicians.

The Commissioner concedes that the assessments of Dr. Gaw and Dr. Keown would not allow the plaintiff to return to his past relevant work. Docket Entry No. 10, at 11. The Commissioner then argues that, even if the ALJ should have proceeded to step five of the sequential evaluation process, his failure to do so constitutes harmless error.

As the plaintiff himself notes (Docket Entry No. 4, at 5), there are no medical assessments from treating sources in this case. While the ALJ found that the objective evidence of record established that the plaintiff has a back impairment, he specifically noted that the plaintiff "has not been under the ongoing care of a general practitioner, much less an orthopedic or neurological specialist." (Tr. 15). He further opined that "it is impossible to give full weight to [the plaintiff's] complaints of back pain in light of the lack of objective findings, the minimal degree of treatment and the type of medication [the plaintiff] is currently taking." (Tr. 15).

However, while the ALJ's reasoning appears to provide substantial evidence in support of an ALJ's decision at step five, the ALJ's decision stopped at step four. The assessments of Drs. Gaw and Keown would not allow the plaintiff to return to his past relevant work ("PRW"). Although the Commissioner contends that this constitutes harmless error,[4] this Court is unwilling and unable

---

321 F.3d 611, 615 (6th Cir. 2003).

[4] The Commissioner points to <u>Barnhart v. Thomas</u>, 540 U.S. 20; 124 S. Ct. 376; 157 L. Ed. 2d 333 (2003), to support her position that "an individual who is capable of performing his PRW can almost always perform other jobs as well." Docket Entry No. 10, at 11. However, since the assessment of Drs. Gaw and Keown do not allow for the plaintiff to perform PRW, this argument is irrelevant.

to jump to that conclusion. Thus, the ALJ's analysis, which stopped at step four of the sequential evaluation process, should have continued to step five.

### III. RECOMMENDATION

For the above stated reasons it is recommended that the plaintiff's motion for judgment on the administrative record (Docket Entry No. 7) be GRANTED, in part, and that this case be remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) so that the ALJ can properly address and examine the opinions of Drs. Gaw and Keown and proceed to an analysis under step five of the evaluation process.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report and Recommendation to which the objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge